UNITED STATES of America, Plaintiff

v.

Sidney Benjamin FIGUEROA,
Defendant.

Magistrate Case No. 10–400(M).

United States District Court,
D. Puerto Rico.

May 27, 2010.

Timothy R. Henwood, United States Attorneys Office, District Of Puerto Rico, San Juan, PR, for Plaintiff.

*ORDER*

JUSTO ARENAS, United States Chief Magistrate Judge.

The defendant Sydney Benjamin Figueroa arrived in Puerto Rico on May 16, 2010 from Panama due to an emergency landing of a flight destined for Amsterdam. The flight was diverted because he became ill on the airplane due to the apparent rupture of one of the many cocaine pellets (about 50) he carried in his digestive tract. (This was the fifth time he has transported using this method.) Customs and Border Protection officers paroled the defendant into the United States for medical reasons. The defendant underwent emergency surgery to extract the cocaine-laden pellets because medical personnel determined that his life was at risk. Forty-eight pellets were removed and two pellets apparently burst, causing a severe overdose. A total of 1.06 kilograms of cocaine were removed from his alimentary canal. He was charged with violations of 21 U.S.C. §§ 841(a)(1), 952, and 955. *See United States v. McKenzie,* 818 F.2d 115, 119–20 (1st Cir.1987); *cf. United States v. Nunes,* 511 F.2d 871, 874 (1st Cir.1975).

A complaint was filed before another United States magistrate judge on May 18, 2010. Since then the defendant has been in intensive care, and/or under morphine medication for severe pain. He has suffered cardiac arrest and kidney failure during the process. As of this morning, his body is fighting severe infection to the point that he will be transferred to another hospital with better facilities for additional surgery. Because of his life-threatening medical condition, he has not been before a United States magistrate judge for initial appearance.

In view of the above, I find that the period of time of the defendant's hospitalization is excluded from any computations

of time triggering possible speedy trial violations. 18 U.S.C. § 3161(h)(3)(A). I also make a finding that the ends of justice served by excluding this time period from any computations outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7). The Federal Public Defender for the District of Puerto Rico is appointed to represent the defendant.

SO ORDERED.